James Smith, one of the plaintiffs, being indebted to Turner, one of the defendants, and being under obligation to save him harmless as his surety to sundry persons for a large amount, and being also indebted to divers other persons, in January, 1846, executed to Turrentine, the other defendant, a deed in trust, conveying and assigning to him eighteen quarter sections of land in the State of Illinois, and sundry evidences of debts in trust, first to pay to said Turner out of the proceeds of the sale of the land and out of the money to be collected upon the evidences of debt all of his debt against the said James Smith, and to indemnify him against all of his liabilities as the surety of said James Smith, and in the second place to apply the surplus, if any, to the payment of the debts due to the other persons named in the deed. The deed further provided, and contains this clause: "Any and all sums of money that the said James Smith shall pay to any one of the persons herein secured shall be duly credited on the respective claims of the parties herein secured, and shall be credited on first sums secured to each one and not to the last and general class." This deed was signed and sealed by the plaintiff James Smith and the defendant Turrentine. Afterwards, the defendant Turner brought suit for the (187) debt due him, recovered judgment, and caused execution to be issued and levied upon several tracts of land and other property as the property of James Smith, and, at the sale by the sheriff, became the purchaser for very low prices, the sale being forbidden by the plaintiffs.
The defendant Turner then instituted suits to recover several portions of the property thus purchased by him, which was in possession of and claimed by the other plaintiffs. Whereupon, in March, 1847, the defendant Turner and all of the plaintiffs made a compromise and executed a covenant, by which Turner agreed to convey, without warranty of title, the land on Price's Creek, which he had bought as the property of James Smith, to the plaintiff Mary Smith in fee, and to convey in fee to the plaintiffs Francis and Sidney Smith, or to either with the consent of the other, all of the other property which he had purchased as belonging to the plaintiff James Smith, and further, to assign and release to them, or to either with the consent of the other, all of his claim and interest under the deed in trust executed by James Smith to the defendant Turrentine. In consideration whereof the plaintiffs James Smith, Sidney Francis, and Mary Smith agreed to pay to Turner the amount then due to him by James Smith, and to indemnify him against all such amounts as he was bound for as the surety of James Smith; and in order to secure the due performance of this covenant, it *Page 123 
was agreed that one or the other of the said James, Sidney, Francis, or Mary Smith should execute to Turner a note with approved security within three months after the execution of said covenant. The note with approved security was not executed by the plaintiffs, or any one of them, in pursuance of the covenant, and thereupon Turner recovered, in an action on the covenant, a large sum to the amount of the debt due him by, and his liabilities for, the plaintiff James Smith, which sum was paid to him by the plaintiffs, or some of them.
In April, 1849, the defendant Turrentine, at the instance of (188) the plaintiffs, sold the eighteen quarter sections of land, and the plaintiffs Francis and Sidney became the purchasers at the aggregate sum of $1,000, for which they executed their note with surety, payable to said Turrentine. The amount due upon the debts set out in the deed in trust has also been collected, with the exception of a note on Francis Smith, which the plaintiffs aver was inserted in the deed by inadvertence. The proceeds of the trust fund are less than the amount paid to Turner upon his judgment.
The plaintiffs allege that the defendant Turner has not performed the stipulations on his part contained in the covenant of compromise, and in the words of the bill, "Indeed, the only portion of performance on his part consists in dismissing the suits pending at the time of the adjustment and in executing an informal assignment to one Dr. Francis Smith of his claim against James Smith, by reason of money paid as his surety, etc., and a judgment in his favor against the administrator of Thomas Faddis." The plaintiffs insist that they are entitled to a specific performance of the covenant on the part of Turner, and pray that he may be decreed to execute deeds according to his covenant to the plaintiffs Mary, Francis, and Sidney. The plaintiffs Mary, Francis, and Sidney further allege that they have satisfied the judgment recovered by Turner upon the covenant of compromise, and they insist that they have an equity to be substituted to the rights of Turner under the deed of trust, and pray that Turrentine be decreed to account for the trust fund and to pay the whole of it, including the note of $1,000, over to them, inasmuch as the amount paid to Turner exceeds the said fund. The plaintiff James Smith does not pray for any relief.
The defendant Turner alleges that he has performed the (189) covenant of compromise by dismissing the suits which were pending in his name for the property purchased by him and by executing deeds for the property and for his interest under the deed of trust; and if the deeds already executed are not sufficient, he submits now to execute such as may be approved of by the Court, and avers that he has at all times been ready and willing to do so. Copies of these deeds are filed as exhibits. They refer to the covenant of compromise, and acknowledge as a consideration the due performance of said covenant on the part of the plaintiffs. *Page 124 
The defendant Turrentine alleges that he has at all times been ready to account and to pay over the trust fund to the parties entitled to it; but he avers that he has been notified by the defendant Turner, as the agent of one Wood, who is a creditor secured in the second class, that Wood and, as he is informed by Turner, the other creditors in that class insist that the debt of Turner was paid by the plaintiff James Smith and not by the other plaintiffs, Mary, Francis and Sidney Smith; and that by the terms of the deed in trust this payment by the plaintiff James Smith of the debt due to Turner has the effect of extinguishing that debt, so as to inure to their benefit and entitle them to the whole of the trust fund. He further avers that in support of the allegation that the debt of Turner was in fact paid by James Smith, the said Turner exhibited to him copies of the judgments taken by the plaintiffs Mary, Francis, and Sidney, respectively, against James Smith for the sum of $2,500 each upon notes executed to them by James Smith, which notes express upon their face the fact that the said Mary, Francis, and Sidney, respectively, had advanced in cash for James Smith and sum of $2,500 to JosiahTurner. Copies of these judgments and notes are annexed as part of the answer. The defendant insists that he ought not to (190) be required to take upon himself the responsibility of deciding whether the payment to Turner was made by the plaintiff James Smith or by the other plaintiffs, and he insists that to relieve him from this responsibility, the creditors of the second class ought to be made parties so as to be bound by the decree.
As to the defendant Turner, the bill must be dismissed with costs. He avers that he has performed his part of the covenant, and exhibits copies of the deeds executed by him. The plaintiffs have taken no exception to them, and they are in conformity with the stipulations of his covenant.
The objection, for the want of parties, taken by the defendant Turrentine is well founded. If a deed of trust provides for the payment of one creditor in the first place, and then provides for the payment of other creditors as a second class, there can be no doubt that the first creditor may call on the trustee for an account and for payment to the extent of the trust fund, without making the creditors of the second class parties, for there is no question, in respect to which they are directly concerned, except the amount of the debt of the first creditor, and as to that the trustee can protect their rights. But the clause in the deed of trust above recited, by which any payment made by James Smith is to be credited in extinguishment of the debt upon which it is paid, presents a question entirely different. The mere suggestion of the fact that the creditors in the second class insist that the debt of Turner was paid by James Smith and not by the other plaintiffs shows at once that the question, By whom was Turner paid? is one in which they are *Page 125 
directly concerned, and as to which this Court should make no declaration without giving them an opportunity of being heard, so as to bind them and protect the trustee. But when this suggestion is supported by the exhibit of the judgments rendered upon the notes for $2,500 each, executed by James Smith to the other plaintiffs, respectively, (191) he consideration of which is for cash advanced by them toenable him to pay the debt of Turner, the bare statement, without argument or authority, proves that the creditors of the second class are necessary parties, and ought to be heard. It was contended by Mr. Haughton that as the creditors of the second class were not parties to the deed of trust and had no privity or connection with its execution, they acquired no right under it, and for that reason were not necessary parties. This question is fully discussed and settled in Ingram v. Kirkpatrick,41 N.C. 463.
The day after the case was argued and left with the Court, Mr. Haughton moved, that if the Court should decide that the creditors of the second class were necessary parties, the plaintiffs should have permission to remand the case for the purpose of obtaining leave to amend in the court below, by making parties. When the objection for the want of parties is taken in this Court for the first time it is almost "a matter of course" to remand the case at the costs of the plaintiffs. But in the present case, the defendant, without attempting to evade an answer by a plea for the want of parties, has answered fully, submitting to account with the party entitled to the trust fund. In his answer he sets out clearly the difficulty in which he is likely to be involved by the conflicting pretensions of the plaintiffs, who claim to be substituted to the rights of Turner and the pretensions of the creditors of the second class, and he asks, most reasonably as we think, not to be required to take the side of either, but to be protected by having the creditors of the second class made parties, so as to bind them by the decree. The plaintiffs reject this reasonable request, and urge the case to a hearing, thus showing, either that they care not for the protection of the defendant, who is a mere stakeholder, or are unwilling to meet the creditor of (192) second class upon the issue, Who paid the debt of Turner?
Under these circumstances, we are forced, according to the course of this Court, to refuse the motion to remand. The bill must be dismissed as to the defendant Turrentine, for want of parties, with costs.
PER CURIAM. Decree accordingly. *Page 126